**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PETRIT DIKO, #1982278 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:20cv731 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

*Pro Se* Petitioner Petrit Diko, an inmate confined in the Texas prison system, filed a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States

Magistrate Judge Kimberly C. Priest Johnson for findings of fact, conclusions of law, and

recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended

Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate

Judge.

**I.  PROCEDURAL BACKGROUND**

Petitioner is challenging his Denton County conviction. Cause No. F-2012-0431-C. On

February 6, 2015, the jury found Petitioner guilty of murder and sentenced him to ninety-nine

years' confinement. (Dkt. #36-29, pp. 6-8). Petitioner filed a direct appeal, and the appellate court

affirmed his conviction on April 14, 2016. *Diko v. State*, 488 S.W.3d 855 (Tex. App. 2016) (Dkt.

#36-15). Petitioner filed a petition for discretionary review ("PDR") on July 14, 2016, which the

Texas Court of Criminal Appeals ("TCCA") refused on August 24, 2016. *Diko v. State*, No. PD-

0485-16 (Tex. Crim. App. 2016).

Petitioner, with the assistance of counsel, filed an application for state habeas corpus relief

on November 14, 2019. (Dkt. #36-29, pp. 27-45). On February 6, 2020, the state habeas court

adopted the State's proposed findings of fact and conclusions of law (Dkt. #36-30, pp. 13-18) and

1

recommended that Petitioner's application be denied. (Dkt. #36-30, p. 19). On April 15, 2020, the TCCA denied his application without written order on the findings of the state habeas court without a hearing and on the court's independent review of the record. (Dkt. #36-31).

Petitioner filed the instant petition on September 14, 2020.[1] Petitioner asserts the following claims for relief:

1.    The TCCA's decision to deny his application for state habeas relief was contrary to clearly established law because he was egregiously harmed by the submission of an erroneous jury charge.

2.    The TCCA's decision to deny his application for state habeas relief was an unreasonable application of clearly established federal law because trial counsel was ineffective for failing to investigate and present mitigating evidence at the punishment phase of his trial.

(Dkt. #1, p. 6).

On December 12, 2020, the Court ordered Petitioner to respond as to the timeliness of his petition. (Dkt. #13). Petitioner responded (Dkt. #22),[2] and on March 16, 2021, the undersigned issued a Report and Recommendation (Dkt. #25) recommending that Petitioner's petition be denied and dismissed as barred by the statute of limitations. Petitioner filed objections. (Dkt. #29). After reviewing Petitioner's objections, the Court issued an Order (Dkt. #32) withdrawing the Report and Recommendation (Dkt. #29) and directing Respondent to file a response discussing equitable tolling as it relates to the specific facts of this case. On August 18, 2021, the Director filed a response (Dkt. #39), arguing that the petition should be dismissed with prejudice as barred by the statute of limitations. Petitioner filed a reply. (Dkt. #40).

_____

[1] A *pro se* prisoner's habeas corpus petition is deemed filed, for the purposes of the Antiterrorism and Effective Death Penalty Act of 1996, when the prisoner delivers the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner declared under penalty of perjury that he deposited the petition in the prison mailing system on September 14, 2020. (Dkt. #1, p. 10).

[2] The Director was not ordered to respond.

## II.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In the present case, the appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations starts running when the conviction becomes final. Petitioner was convicted and sentenced on February 6, 2015. The appellate court affirmed the judgment of conviction on April 14, 2016. The TCCA refused Petitioner's PDR on August 24, 2016. Petitioner then had ninety days in which to file a writ of certiorari—until November 22, 2016. *Palacios v. Stephens*, 723 F.3d 600, 602 (5th Cir. 2013). He did not file a writ of certiorari; thus, his one-year limitations deadline for filing his federal petition of habeas corpus was November 22, 2017, absent any tolling of the statute of limitations.

The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review is pending with respect to the pertinent judgment or

claim shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Supreme Court held that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original); *see also Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004). Petitioner filed an application for state habeas corpus relief on November 14, 2019. By then, the present petition was already time-barred by almost two years. Thus, the pendency of the state application did not effectively toll the federal statute of limitations under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, the federal petition is time-barred in the absence of any other tolling provision.[3]

The United States Supreme Court confirmed that the AEDPA's statute of limitations is not a jurisdictional bar and may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling occurs only in "rare and exceptional circumstances." *Scott*, 227 F.3d at 263 (quoting *Fisher*, 174 F.3d at 713); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). In making this determination, it should be noted that the United

---

[3] Petitioner does not dispute that his petition is time-barred absent equitable tolling. (Dkt. #22, pp. 4-5).

States Court of Appeals for the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996).

Petitioner asserts several reasons for his delay. Petitioner first argues that he is entitled to equitable tolling of the limitations period because his retained attorney failed to timely file a postconviction motion in state court. (Dkt. #22, pp. 5-22). Petitioner submitted documents reflecting that Petitioner retained Gary Udashen in March 2017 to file his state habeas application. (Dkt. ##17-1, 17-2). Petitioner also submitted correspondence between himself and Udashen. (Dkt. ##17, 18, 19, 29, 40). These documents reflect that, on August 31, 2017, Petitioner sent a letter to Udashen inquiring about the status of a DNA test that Petitioner had asked Udashen to request from the state court. (Dkt. #17-3, p. 2). In that letter, Petitioner notes the limitations period "in the

post-conviction on habeas corpus stage"[4] and inquires whether counsel will visit him to file his state habeas application. (Dkt. #17-3, p. 2). On October 2, 2017, Petitioner sent another letter to Udashen, again inquiring about the status of the DNA test and noting that the limitations period "in [his] post-conviction on habeas corpus stage is almost expired." (Dkt. #18, p. 2). On November 10, 2017, Petitioner again sent a letter to Udashen, inquiring about the status of the DNA test and asserting that his AEDPA limitations period expires on November 23, 2017. (Dkt. #18-1, p. 2). On November 28, 2017, Udashen sent a letter to Petitioner, explaining that he was still working on his state habeas application and that he needed more time to obtain the records from Petitioner's trial counsel and to research and resolve the DNA testing issues. (Dkt. #18-2, p. 2).[5] On August 16, 2018, Petitioner filed a grievance against Udashen with the State Bar of Texas, alleging that Udashen failed to file a state habeas application and to respond to Petitioner's correspondence. (Dkt. #19-5). Ultimately, Petitioner fired Udashen, and in October 2018, Udashen refunded the money Petitioner had paid him. (Dkt. #19-11). In May 2019, Petitioner retained his second attorney (Dkt. #19-12), who filed Petitioner's state habeas application on November 14, 2019.

The Fifth Circuit has routinely held that "neither 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Additionally, attorney

---

[4] The Court understands that Petitioner is referring to the AEDPA limitations period to file his federal habeas petition as Texas law sets forth no statute of limitations with respect to filing a state habeas application from a criminal conviction. Tex. Code Crim. P. Ann., Art. 11.07; *Wells v. Quarterman*, No. CIV. A. H-08-2288, 2010 WL 3447490, at *8 (S.D. Tex. Aug. 30, 2010), *aff'd sub nom. Wells v. Thaler*, 460 F. App'x 303 (5th Cir. 2012). Petitioner was apparently aware that under 28 U.S.C. § 2244(d)(2), the limitations period for filing a § 2254 petition would be tolled during the time a properly-filed application for State postconviction or other collateral review with respect to the same judgment or claim is pending. *See Page v. Stephens*, No. SA-12-CA-694-XR, 2014 WL 2781160, at *2 (W.D. Tex. May 13, 2014), *report and recommendation adopted*, No. SA-12-CA-694-XR, 2014 WL 2781165 (W.D. Tex. June 19, 2014).

[5] Petitioner's remaining letters to Udashen are all dated after November 22, 2017, the deadline for filing the instant petition. (*See* Dkt. # 19).

miscalculation or late filing does not warrant equitable tolling of the one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment, particularly in the postconviction context where prisoners have no constitutional right to counsel. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002) (mere attorney error or neglect is not an extraordinary circumstance justifying equitable tolling); *Johnson*, 483 F.3d at 286 (attorney filing a federal habeas petition a few days late is not an extraordinary circumstance justifying equitable tolling). "[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012). Thus, Petitioner's contention that he is entitled to equitable tolling due to the failure of his attorney to timely file his state habeas petition is unavailing.

Furthermore, there is no indication that Udashen prevented Petitioner from filing a *pro se* state habeas application. *See Holland*, 560 U.S. at 649 (to constitute an extraordinary circumstance, it must prevent the petitioner from timely filing his petition). A petitioner may be entitled to equitable tolling where his attorney actively misled him into believing that a habeas application had been timely filed on his behalf. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002); *Page v. Stephens*, No. SA-12-CA-694-XR, 2014 WL 2781160, at *4 (W.D. Tex. May 13, 2014), *report and recommendation adopted*, No. SA-12-CA-694-XR, 2014 WL 2781165 (W.D. Tex. June 19, 2014). Petitioner does not allege that, at any point up to November 22, 2017, when the AEDPA limitations period expired, Udashen assured him that he had filed the state habeas petition. Here, there was no intentional deception; Udashen simply failed to file the petition he was retained to file. *See United States v. Riggs*, 314 F.3d 796, 799-800 (5th Cir. 2002).

More importantly, it has not even been alleged, much less shown, that Udashen's alleged misconduct prevented Petitioner from seeking *federal* relief in a timely manner. For example, the

7

evidence Petitioner has produced indicates that he retained Udashen in March 2017 to file only a state habeas application. There is no suggestion that Petitioner and Udashen ever discussed federal habeas corpus relief. When Petitioner retained Udashen to file the state habeas application, Petitioner could have contemporaneously sought federal relief—either on his own or with Udashen's assistance—merely "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). But Petitioner did not avail himself of that option, even though he was cognizant that the one-year limitations period was running out, and that a state habeas application had not yet been filed. The Fifth Circuit has stated that where a petitioner "could have elected to file a protective federal petition and request a stay, we hold that he was not prevented from asserting his rights, and that equitable tolling does not apply." *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013); *accord Lasage v. Meyers*, No. CV 21-1205, 2022 WL 1112814, at *4 (E.D. La. Feb. 2, 2022), *report and recommendation adopted*, No. CV 21-1205, 2022 WL 1112806 (E.D. La. Mar. 21, 2022). That remains true even if the petitioner was unaware that the law allowed for the filing of protective petitions, because "a petitioner's ignorance or mistake is insufficient to warrant equitable tolling." *Cousin*, 310 F.3d at 849; *accord Fierro*, 294 F.3d at 682 ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling.").

Additionally, to qualify for equitable tolling, Petitioner must also demonstrate that he pursued his rights diligently. The diligence required for equitable tolling purposes is reasonable diligence. *Holland*, 560 U.S. at 653. Udashen's failure to file Petitioner's state habeas application does not excuse Petitioner's failure to exercise due diligence. A petitioner seeking to establish due diligence must exercise diligence even when he receives inadequate legal representation. *Manning*,

688 F.3d at 185. Petitioner wrote to Udashen on August 31, 2017, October 2, 2017, and November 10, 2017, reminding him of the AEDPA deadline. However, despite no response from Udashen before the AEDPA deadline, Petitioner neither sought relief against Udashen through the State Bar nor did he retain other counsel prior to the AEDPA deadline. Moreover, as mentioned above, Petitioner was aware of the AEDPA limitations period and therefore could have timely filed a *pro se* state habeas application and/or a protective federal habeas petition. "The act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." *Id.* (internal quotation marks and citation omitted); *accord Green v. Stephens*, 565 F. App'x 342, 343 (5th Cir. 2014). Petitioner fails to demonstrate that he exercised reasonable diligence in pursuing his rights. *See Palacios*, 723 F.3d at 604; *Page*, No. SA-12-CA-694-XR, 2014 WL 2781160, at *4.

Petitioner next states that his search for a second attorney to represent him in his state habeas application was hampered due to a lack of access to telephones and the internet at his prison unit. Petitioner retained his second attorney in May 2019. (Dkt. #22, pp. 13-15). Finally, Petitioner contends that he should receive equitable tolling because his prison unit was locked down due to COVID-19 from April 15, 2020, until September 14, 2020. (Dkt. #22, pp. 16-18; Dkt. #40, p. 13). However, both of those events occurred well after the AEDPA deadline for filing his federal petition had expired.[6] Therefore, he has not demonstrated that he is entitled to equitable tolling based on these circumstances.

---

[6] Furthermore, these circumstances do not constitute "extraordinary circumstances" that would entitle Petitioner to equitable tolling of the limitations period. *See, e.g.*, *Boswell v. Claiborne Par. Det. Ctr.*, 14-31250, 2015 WL 6161810 (5th Cir. Oct. 21, 2015) ("Boswell's contentions that he is entitled to equitable tolling of the limitations period because he 'had no knowledge of the civil law,' was given incorrect legal advice by a 'prison inmate counsel,' and lacked access to the prison law library while in administrative segregation are unavailing."); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling); *Young v. Mississippi*, No. 3:20-CV-736-TSL-RPM, 2021 WL 4190646, at * 5 (S.D. Miss Aug. 6, 2021) ("[T]he mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance' warranting

Petitioner filed his federal habeas petition two years, nine months, and twenty-three days beyond the AEDPA limitations deadline. He fails to show he is entitled to equitable tolling due to actual innocence, or that "rare and extraordinary circumstances" prevented him from timely filing. *Davis*, 158 F.3d at 810-11; *Manning*, 668 F.3d at 183. Petitioner also fails to show he was reasonably diligent in his pursuit of relief. *Phillips*, 216 F.3d at 511. Consequently, the 28 U.S.C. § 2254 petition should be dismissed as time-barred.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is recommended that the Court, nonetheless, address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (holding that a district court may *sua sponte* rule on a certificate of appealability because "the district court

---

the application of equitable tolling."), *report and recommendation adopted sub nom. Young v. Mississippi,* No. 3:20CV736TSL-RPM, 2021 WL 4189634 (S.D. Miss. Sept. 14, 2021); *Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at **2-3 (N.D. Tex. Feb. 22, 2022) (intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute "extraordinary circumstances" warranting equitable tolling), *report and recommendation adopted sub nom. Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022); *Bradden v. Lumpkin*, No. 4:21-CV-126-O, 2021 WL 4866992, at *3 (N.D. Tex. Sept. 17, 2021) (finding access to some law library material—albeit on a limited and sometimes delayed basis due to the COVID-19 pandemic—and sporadic lockdowns were not grounds for equitable tolling); *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at **2-3 (N.D. Tex. Aug. 18, 2021) (concluding intermittent lockdowns, limited access to the prison law library, and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent the filing of the federal habeas petition and, thus, were not grounds for equitable tolling); *Soliz v. Dir., TDCJ-CID*, No. 6:21CV016, 2021 WL 3674105, at *3 (E.D. Tex. July 9, 2021) ("Petitioner refers vaguely to a "hampered . . . ability to conduct legal research," but he does not allege any facts that establish that the alleged pandemic precautions actually prevented him from filing a timely habeas petition."), *report and recommendation adopted*, No. 6:21-CV-16-JDK-JDL, 2021 WL 3666058 (E.D. Tex. Aug. 18, 2021); *White v. Dir.*, TDCJ-CID, No. 6:19CV231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021) (finding COVID-19 lockdowns and diminished library access did not prevent filing and, thus, did not justify equitable tolling), *report and recommendation adopted*, 2021 WL 978760, at *1 (E.D. Tex. Mar. 16, 2021); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, No. 3:10-CR0345-K91, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding series of institutional lockdowns did not constitute an extraordinary circumstance warranting equitable tolling).

that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court," noting that "[f]urther briefing and argument on the very issues the court has just ruled on would be repetitious").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a substantial showing of the denial of a constitutional right in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the Court find that Petitioner is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

It is recommended that the above-styled petition filed under 28 U.S.C. § 2254 dismissed with prejudice as time-barred. It is further recommended that a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of May, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE